The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ENDURANCE AMERICAN INSURANCE
COMPANY, a Delaware corporation, *et al.*,

    Plaintiffs,

v.

NORDHOLM COMPANIES, INC., a
Washington corporation, *et al.*,

    Defendants.

Case No. 2:25-cv-314-BJR

**ORDER DENYING MOTION FOR
JUDGMENT ON THE PLEADINGS**

## I.    INTRODUCTION

Third-Party Defendant Glosten, Inc. ("Glosten") brings this Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), seeking an order dismissing it from this action with prejudice. Dkt. No. 69. Third-Party Plaintiff Nordholm Companies, Inc. ("Nordholm"), Third-Party Defendant Boyer Towing, Inc. ("Boyer Towing"), and Defendant Boyer Logistics, Inc. ("Boyer Logistics") oppose the motion. Dkt. Nos. 71, 77. Having reviewed the motion, the responses and reply, the record, and the relevant legal authority, the Court will deny the motion. The reasoning for the Court's decision follows.

ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

- 1

## II.    BACKGROUND

In June 2023, Orion Government Services, LLC ("Orion") contracted with Nordholm to prepare a sea fastening plan governing the manner and method by which a Static Pile Tester and other equipment were to be secured for tug and barge transit from Seattle, Washington to Honolulu, Hawaii.[1] Dkt. No. 37 ¶ 15. Thereafter, in September 2023, Orion contracted with Boyer Logistics to lash and secure the Static Pile Tester to the barge BAINBRIDGE. *Id*. ¶ 16. Alexander Gow, Inc. ("Gow") inspected the lashings and other equipment used to secure the barge's deck cargo, including the Static Pile Tester. *Id*. ¶ 17. The BAINBRIDGE departed for Honolulu on October 6, 2023. On October 9, 2023, the Static Pile Tester collapsed onto the barge's deck and surrounding cargo, causing substantial physical damage. *Id*. ¶ 19. Orion claims that it sustained approximately $1.8 million in losses. *Id*. ¶ 20.

Orion maintained a Marine Cargo Policy (the "Policy") that insured against losses arising from the shipment of the Static Pile Tester and related equipment during transit from Seattle to Honolulu. *Id*. ¶ 7. Plaintiffs are the insurance underwriters to the Policy. *Id*. Orion submitted a claim under the Policy, and Plaintiffs paid $1,745,452.26. *Id*. ¶ 20. Thereafter, Orion assigned to Plaintiffs all claims arising from the loss (the "Assignment"). *Id*.

Plaintiffs initiated this action in February 2025 against Nordholm, Gow, and Glosten. Dkt. No. 1. In April 2025, Plaintiffs voluntarily dismissed their claims against Glosten without prejudice. Dkt. No. 13. In September 2025, Plaintiffs filed an amended complaint adding Boyer Logistics and Thrushworks, LLC ("Thrushworks") as defendants. Dkt. No. 37. Plaintiffs allege that Nordholm, Boyer Logistics, and Gow breached their contracts with Orion; that Nordholm breached its warranty

---

[1] The allegations in this section are drawn from the Amended Complaint (Dkt. No. 37) and the Third-Party Complaint (Dkt. No. 39), which are the operative complaints in this matter.

ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

- 2

of workmanlike performance; and that Nordholm, Boyer Logistics, Gow, and Thrushworks were negligent. *See generally id.*

Nordholm thereafter filed a third-party complaint against Glosten and Boyer Towing. Dkt. No. 39. Nordholm alleges that it contracted with Glosten to provide marine engineering services, including the preparation of a sea fastening and lashing plan governing the manner and method by which the Static Pile Tester and other equipment were to be loaded, secured, and transported from Seattle to Honolulu. *Id.* ¶ 14. Nordholm further alleges that Glosten failed to provide competent engineering services, including by failing to prepare a suitable lashing plan, failing to provide an adequate sea fastening plan, and failing to exercise the care and skill ordinarily exercised by reasonably prudent marine engineering professionals under similar circumstances. *Id.* ¶ 16.

Accordingly, Nordholm invokes Federal Rule of Civil Procedure 14(c) and tenders Glosten to Plaintiffs, alleging that Glosten is directly liable to Plaintiffs for the claimed losses and demanding judgment in Plaintiffs' favor against Glosten.

### III.    LEGAL STANDARD

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is evaluated under the same standard as a motion to dismiss under Rule 12(b)(6). *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Judgment on the pleadings is appropriate when, taking all allegations in the nonmoving party's pleadings as true and construing them in the light most favorable to that party, the moving party is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). In resolving a Rule 12(c) motion, the Court generally may consider only the pleadings, materials incorporated by reference, and matters subject to judicial notice. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *see also*, *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d

ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

- 3

971, 981, n. 18 (9th Cir. 1999). While well-pleaded factual allegations are accepted as true, conclusory allegations and unwarranted inferences need not be. *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996).

## IV.    DISCUSSION

Glosten argues that the Third-Party Complaint fails as a matter of law because Glosten did not prepare the operative sea fastening or lashing plan and, in any event, the claims are barred by the maritime economic loss doctrine. Having reviewed the pleadings and the materials properly subject to consideration at this stage, the Court concludes that judgment on the pleadings is not warranted.

### A.    Consideration of Materials Outside the Third-Party Complaint

Glosten relies on engineering drawings and related materials attached to its Answer to support its contention that Nordholm—not Glosten—prepared the cargo securing design at issue. *See* Dkt. No. 63, Exs. A-B. Although written instruments attached to a pleading may be considered under Federal Rule of Civil Procedure 10(c), such materials may be considered at the Rule 12(c) stage only to the extent they are incorporated by reference into the complaint, and their authenticity is not in dispute. *See Khoja*, 899 F.3d at 1002; *see also United States v. Richie*, 342 F.3d 903, 908 (9th Cir. 2003). Even where documents are properly considered under the incorporation-by-reference doctrine, they may not be used to resolve factual disputes or to credit a defendant's competing narrative over the complaint's well-pleaded allegations. *Khoja*, 899 F.3d at 1014 ("Although incorporation by reference generally permits courts to accept the truth of the matters asserted in incorporated documents, … it is improper to do so only to resolve factual disputes against the plaintiff's well-pled allegations in the complaint."); *see also, Lively v. WAFRA Inv. Advisory Group, Inc.*, 6 F.4th 293, 306 (2nd Cir. 2021) (The Court may not resolve a Rule 12(c)

ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

- 4

motion "by weighing the plausibility of competing allegations or by considering evidence extrinsic to the non-movant's pleading without converting the motion to one for summary judgment."); *Lee v. Security Life of Denver Ins. Co.*, 2025 WL 2964013, *3 (C.D. Cal. Sept. 22, 2025) (declining to resolve on a Rule 12(c) motion factual disputes created by documents attached to defendant's Answer).

Thus, even assuming the Court may consider the exhibits attached to Glosten's Answer, those materials cannot support judgment on the pleadings where they merely create a factual dispute regarding the parties' respective roles and responsibilities. Here, the Third-Party Complaint alleges that Glosten was responsible for preparing the relevant sea fastening and lashing plans and performed that work negligently. Glosten's reliance on the attached exhibits to its Answer to assert that Nordholm instead prepared the operative cargo securing design presents a competing factual narrative that cannot be resolved on the pleadings.

Moreover, even if the Court were permitted to credit Glosten's interpretation of those materials, the exhibits do not establish as a matter of law that Glosten bears no liability. Rather, they reflect technical engineering work involving multiple parties and overlapping subject matter, including cargo securing calculations, lashing configurations, and vessel-specific parameters. *See* Dkt. No. 63, Exs. A-B. Determining which party prepared the operative plans, the scope of each party's responsibilities, and whether any alleged deficiencies are attributable to Glosten or to another entity are fact-intensive inquiries not amenable to resolution under Rule 12(c).

## B.    Rule 14(c) Posture

Nordholm asserts its claims against Glosten pursuant to Federal Rule of Civil Procedure 14(c), tendering Glosten directly to Plaintiffs as a party allegedly liable for the underlying loss. Rule 14(c) permits a defendant in an admiralty action to implead a third party and demand judgment

ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

- 5

in favor of the plaintiff against that party. *See Royal Ins. Co. of America v. Southwest Marine*, 194 F.3d 1009, 1017 (9th Cir. 1999). Rule 14(c) reflects the traditional admiralty practice of resolving all claims arising out of a maritime occurrence in a single action by permitting the defendant to tender a third party directly to the plaintiff, thereby avoiding multiple actions and facilitating the efficient resolution of related maritime claims in a single proceeding. *See* Fed. R. Civ. P. 14(c); Advisory Committee Notes. Consistent with that purpose, dismissal at the pleading stage is inappropriate where the allocation of responsibility among multiple maritime actors remains disputed. The Third-Party Complaint plausibly alleges that Glosten's conduct contributed to the loss at issue. Whether Glosten bears any responsibility—and, if so, the extent of that responsibility relative to Nordholm and other parties—cannot be determined without a developed factual record.

### C.    Economic Loss Doctrine

Glosten also argues that the claims are barred by the maritime economic loss doctrine. Under *East River S.S. Corp. v. Transamerica Delaval Inc.*, a plaintiff may not recover in tort for purely economic losses where a product injures only itself. 476 U.S. 858, 871 (1986). At this stage, the Court cannot determine on the present record as a matter of law whether the doctrine applies. Application of the economic loss doctrine depends on the definition of the relevant product, whether the alleged damage is to "other property," and the source of the duty allegedly breached. The pleadings and materials properly before the Court do not resolve these issues. In particular, the parties dispute the scope of Glosten's work, the relationship between the various cargo securing and lashing plans, and whether any duties allegedly breached arise independently of contract. These unresolved factual issues preclude dismissal under Rule 12(c).

ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS

- 6

## V.    CONCLUSION

For the foregoing reasons, Glosten's motion for judgment on the pleadings (Dkt. No. 69) is HEREBY DENIED.

DATED this 9th day of April 2026.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS
- 7